303 A.2d 360.

STATE *vs.* STEPHEN ROBERTSON.

APRIL 17, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J.   This is the second time these cases are here. They first came before us after the defendant had been

found guilty in the Superior Court on two charges of murder in the first degree. *State* v. *Robertson,* 108 R. I. 656, 278 A.2d 842 (1971). When we reviewed those convictions the only issue raised was whether Dr. Roger Alan Richardson, a psychologist who had been called as a defense witness at the trial, should have been allowed to express an opinion on whether "* * * the defendant [was] laboring under such a defect of reason from disease of the mind as not to know the nature and quality of the act he was doing and as not to know that what he was doing was wrong." The trial justice had refused to allow Dr. Richardson to respond to that question because in his judgment the witness' lack of a medical degree was automatically disqualifying. We took a contrary view and held that a witness' expertise, whether in the field of mental illness or in other areas, is not susceptible to precise delineation, but is instead addressed to a trial justice's sound discretion. Doctor Richardson's testimony on the sanity issue, we went on to say, should not have been rejected solely because he was a psychologist. Rather the test should have depended upon whether the facts in the cases, the particular question propounded, and the witness' skills indicated that this particular psychologist would voice an opinion likely to assist the jury in their search for the truth. *Id.* at 662, 278 A.2d at 845-46.

We then remitted the cases to the Superior Court for a hearing on whether Dr. Richardson, at the time of the trial in June of 1968, was properly qualified to respond to the critical question, and for such subsequent proceedings as might be called for depending on how that question was answered.

In addition, and in an attempt to assist the trial justice who would make the determination, we suggested certain broad standards which are generally considered to be germane to the issue of the competence of a psychologist to

give expert testimony concerning the existence of a mental disease and its causal relationship to criminal behavior.

Pursuant to our remand a lengthy hearing followed at which Dr. Richardson testified about his educational background and his training as a psychologist. Thereafter, the trial justice, in an extensive and carefully considered rescript, reviewed the witness' qualifications in detail. While he found that Dr. Richardson's training and education qualified him as an expert witness in psychological testing, he found otherwise with respect to his competency in June of 1968 to testify whether defendant's alleged criminal conduct was attributable to mental illness. What led to the latter finding was that the witness' hospital and clinical experience prior to obtaining his doctorate in psychology in 1967 consisted primarily of psychological testing, that he had less than one year postdoctoral clinical experience, and that he was not a diplomate of the American Board of Examiners in Professional Psychology. These gaps in Dr. Richardson's qualifications, the trial justice concluded, deprived him of the expertise required to answer the kind of question which had been posed. From that decision defendant has prosecuted a further bill of exceptions in each case in which he asks us to review the trial justice's determination.

We must overrule his exceptions. The considerations influencing the trial justice in his decision were pertinent to a determination of the witness' expertise in the indicated area. We specifically said so in *State* v. *Robertson, supra.* For the trial justice to rely upon those considerations as disqualifying Dr. Richardson did not constitute an abuse of sound discretion.

The defendant's exception is overruled in each case, and each case is remitted to the Superior Court for further proceedings.

. Mr. Justice Powers participated in the decision but retired prior to its announcement. Mr. Justice Doris did not participate.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Cochran, Peckham & Hayes, Joseph T. Houlihan, Kathleen Managhan,* for defendant.